IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00262-BNB

MIGUEL ANGEL VELASQUEZ,

    Plaintiff,

v.

DON KRUEGER (Sheriff),
JEFF SMITH (Captain),
MATT BROWN (Sergeant), and
CHRIS BRIDGES (Sergeant),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 0 2011

GREGORY C. LANGHAM
                CLERK

---

## ORDER OF DISMISSAL

---

Plaintiff, Miguel Angel Velasquez, currently is incarcerated at the Clear Creek County Jail in Georgetown, Colorado. He initiated the instant action by filing *pro se* a civil rights complaint pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and 28 U.S.C. § 1331, asking for injunctive relief. Although Mr. Velasquez initiated this case as a ***Bivens*** action, it properly should have been initiated pursuant to 42 U.S.C. § 1983 because Mr. Velasquez is not a federal prisoner. He does not allege whether he is a pretrial detainee or a convicted felon; he only alleges he has been incarcerated eight months. Mr. Velasquez has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Velasquez's filings liberally because he is representing himself. *See* ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the

*pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the complaint will be dismissed for lack of subject matter jurisdiction.

Mr. Dawson asserts various claims attacking the conditions of his confinement and alleges that he is being subjected to cruel and unusual punishment under the Eighth Amendment to the United States Constitution. For example, he claims that the Clear Creek County Jail is not up to code, has inadequate ventilation, offers infrequent recreation time, maintains poor sanitary conditions in the showers and cells, lacks twenty-four-hour medical staff and emergency cell intercoms, lacks religious services and religious leaders, and has an inadequate grievance system. In support of his claim concerning the lack of twenty-four-hour medical staff and emergency intercoms, he makes vague allegations concerning being transported to the hospital for what was diagnosed as passing kidney stones, not being provided a diet to help him avoid future kidney stones, the jail's inability to help him with several cavities that require filling, and the distribution of medication by jail guards rather than medical staff.

The Due Process Clause of the Fourteenth Amendment prohibits conditions of confinement for pretrial detainees that amount to unconstitutional punishment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). As previously stated, it is not clear whether or not Mr. Velasquez is a pretrial detainee. Even if he is a pretrial detainee, the Court must apply the standards applicable under the Eighth Amendment in reviewing his condition-of-confinement claims. *See Howard v. Dickerson*, 34 F.3d 978, 980 (10th Cir. 1994).

"The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including

2

adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm." *See Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). However, not every injury suffered by a prison inmate gives rise to liability for a constitutional violation. *Id.* In order to assert a cognizable claim under the Eighth Amendment, Mr. Velasquez must allege that Defendants were deliberately indifferent to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Stated another way, Mr. Velasquez must demonstrate both that the injury he suffered was sufficiently serious and that Defendants acted with deliberate indifference. *See Tafoya*, 516 F.3d at 916.

Mr. Velasquez's allegations do not demonstrate an injury that is sufficiently serious because "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Eighth Amendment is not violated unless the conditions deprive a prisoner of the "'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The fact that Mr. Velasquez disagrees with the conditions of his confinement does not mean that he is deprived of the minimal civilized measure of life's necessities. In fact, as the Supreme Court of the United States has observed, "[t]o the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offense against society." *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981); *see also Battle v. Anderson*, 788 F.2d 1421, 1427-28 (10th Cir. 1986) (affirming that a prison is "not a nursery school" but a place for confining convicted felons).

In any case, Mr. Velasquez does not appear to have alleged facts indicating he

3

has suffered any injury. The United States Constitution requires that a party seeking to invoke the jurisdiction of the federal courts must demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hackford v. Babbitt*, 14 F.3d 1457, 1464 (10th Cir. 1994). Because Mr. Velasquez fails to demonstrate any actual or threatened injury as a result of the conditions of his confinement, he lacks standing to assert claims concerning those conditions. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1295-96 (10th Cir. 1980). The complaint will be dismissed for lack of subject matter jurisdiction. Accordingly, it is

ORDERED that the complaint and the action are dismissed for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this 29th day of March, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00262-BNB

Miguel Angel Velasquez
Prisoner No. 100287
Clear Creek County Jail
PO Box 518
Georgetown, CO 80444

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on March 30, 2011.

                        GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk